UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STEWART, #163759,

        Petitioner,

                                       CASE NO: 2:10-CV-13365

v.                                HONORABLE NANCY G. EDMUNDS

GREG MCQUIGGIN,

            Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Donald Stewart ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), following a bench trial in the Wayne County Circuit Court, and was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to 13 to 30 years imprisonment in 2004.  In his pleadings, he raises claims concerning the impartiality of the trial judge and the effectiveness of trial and appellate counsel.  For the reasons stated, the Court denies the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his participation in a home invasion with accomplice Dean Hamilton in Detroit, Michigan on May 22, 2004.  The Court adopts the

summary of the trial testimony set forth by defense counsel on direct appeal, to the

extent it is consistent with the record. Those facts are as follows:

> William Ridella stated that at 1:10 p.m. May 22, 2004, he and his wife left their 13124 East Outer Drive home to attend a wedding, leaving their three children home alone. At about 2:00, he returned home. He noticed a white van and two police cars. The glass window on his front door was broken. He noticed one person in the police car. Another was being removed from the van. along with four boxes of personal checks which Ridella' s wife had ordered. According to Ridella, such items are left between the entry door and the screen door by the postal carrier. (T 12-30).

> Eleven year old Thomas Ridella testified that at 1:00 p.m. May 22, 2004, his parents left him home alone with his two eight year old sisters to attend a wedding. They were in an upstairs bedroom the doorbell rang. From a window he saw a man carrying a box walk from the porch and enter the passenger side of a van parked in front of the house. Another man. whom he identified as [Petitioner], then exited the van, walked up to the house and knocked on the door. The man opened a gate, entered the backyard, returned to the front of the house and knocked on the door again. Ridella stated that he thought he heard footsteps inside the house. He called 911 and hid under the bed with his sisters. When he heard the police announce their presence. he admitted them into the house. He observed that a window on the door was broken and glass was inside the door. (T 31-46).

> On May 22, 2004, Detroit Police Officer Kari Kammerzall and her partner, Merri McGregor, were working in plain clothes. At about 1:45 p.m. they were dispatched to 13124 East Outer Drive to backup another unit. As she drove north on Outer Drive from Mack, she observed [Petitioner] standing at the front door. His entire left arm inside the small front door window. As she drove up to the house, he removed his mm from the window, turned and walked away. As she and her partner exited their vehicle, he ran behind the location. She drive one block south, where her partner exited the vehicle and gave chase on foot. When she arrived at the rear of the house, she observed [Petitioner] in the custody of Officers McGregor, Mader and Snyder. After he was placed in a scout car, she spoke with the younger Ridella. As a result. she investigated a van parked in front of the house, arrested its occupant and impounded the van and its contents. (T 47-69).

> Detroit Police Officer Merri McGregor was working in plain clothes in an unmarked vehicle with Officer Kari Kammerzall. She stated that from the passenger seat she observed a gentleman standing on the front porch of

2

13124 East Outer Drive with his arm through the window. As they approached the house, he removed his arm from the window and ran. She chased him on foot, apprehending him in the backyard of the house. According to McGregor, [Petitioner] stated "You caught me; you don't have to grab on me." (T 70-83).

Pet. App. Brf., pp. 2-3.

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims through counsel and in a supplemental pro per brief:

I.     The prosecution presented insufficient evidence to support his first-degree home invasion conviction.

II.    The trial court improperly amended the felony information at the conclusion of trial.

III.   The trial court erred in scoring Offense Variable 14 of the sentencing guidelines.

IV.    The trial court erred in increasing his maximum term of imprisonment without informing him of the amendment or holding a hearing.

V.     The trial judge had a preconceived opinion of his guilt given that she accepted his co-defendant's guilty plea.

VI.    The prosecution failed to provide proper notice of its intent to introduce bad acts evidence under MRE 404(b) and the trial court improperly admitted the evidence.

VII.   Trial counsel was ineffective for failing to present a defense, failing to call a defense witness, failing to investigate all substantial defenses, failing to object, and failing to provide diligent and skillful representation.

The Michigan Court of Appeals ordered that the judgment of sentence be corrected, but otherwise denied relief and affirmed his convictions. *People v. Stewart*, No. 260315, 2006 WL 2033987 (Mich. Ct. App. July 20, 2006) (unpublished). Petitioner filed an

3

application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Stewart*, 477 Mich. 944, 723 N.W.2d 891 (2006).

Petitioner subsequently filed a motion for relief from judgment with the state trial court essentially raising the same insufficient evidence, judicial bias, improper notice and admission of evidence, and ineffective assistance of trial counsel claims, as well as a claim that appellate counsel was ineffective.  The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(2) because it alleged grounds which were previously denied on appeal.  *People v. Stewart*, No. 04-12591 (Wayne Co. Cir. Ct. March 14, 2007) (unpublished).  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Stewart*, No. 279038 (Mich. Ct. App. Jan. 11, 2008) (unpublished).  Petitioner did not further appeal to the Michigan Supreme Court.

Petitioner filed a second motion for relief from judgment with the trial court raising the following issues:

I.   The trial court violated his constitutional right to a fair trial and due process of law by reading the preliminary examination transcript prior to sitting as trier of fact.

II.  Trial counsel was ineffective for failing to file a motion to disqualify the trial judge from sitting as trier of fact after he witnessed the judge reading the preliminary examination transcript.

III. Appellate counsel was ineffective for failing to raise meritorious, reversible errors on appeal.

The trial court denied the motion pursuant to Michigan Court Rule 6.502(G)(2), rejecting Petitioner's claim that the co-defendant's plea was newly-discovered

4

evidence. *People v. Stewart*, No. 04-5837 (Wayne Co. Cir. Ct. March 11, 2008)

(unpublished). Petitioner filed a delayed application for leave to appeal with the

Michigan Court of Appeals, which was denied pursuant to Michigan Court Rule

6.508(D). *People v. Stewart*, No. 287444 (Mich. Ct. App. Jan. 30, 2009)

(unpublished). Petitioner filed an application for leave to appeal with the

Michigan Supreme Court, which was denied as "prohibited by MCR 6.502(G)."

*People v. Stewart*, 485 Mich. 862, 771 N.W.2d 769 (2009).

      Petitioner then filed a motion to correct his sentence with the trial court,

which was denied. *People v. Stewart*, No. 04-5837 (Wayne Co. Cir. Ct. March

29, 2010). Petitioner filed an application for leave to appeal with the Michigan

Court of Appeals, which was denied pursuant to Michigan Court Rule 6.508(D).

*People v. Stewart*, No. 299265 (Mich. Ct. App. May 25, 2011) (unpublished)

(reconsideration denied July 1, 2011). Petitioner also filed an application for

leave to appeal with the Michigan Supreme Court, which was denied as

"prohibited by MCR 6.502(G)." *People v. Stewart*, 490 Mich. 970, 806 N.W.2d

508 (2011).

      While his sentencing motion was pending in the state appellate courts,

Petitioner filed his federal habeas petition, raising the following claims:

> I.    Violation of due process and abuse of discretion due to the trial
> judge's actions in accepting the co-defendant's guilty plea and
> reviewing the preliminary examination transcripts and then
> presiding over his bench trial.
>
> II.    Trial counsel was ineffective for failing to move to have the
> trial judge disqualified for presiding over the co-defendant's
> guilty plea or informing him of the same so that he could
> have opted for a jury trial.

5

III.     Appellate counsel was ineffective for failing to secure the
         whole record for appeal.

Respondent has filed an answer to the petition contending that it should be

denied because the claims are barred by procedural default and/or lack merit.

## III.     Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus by a person in custody pursuant
to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless
the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. §2254(d).

"A State court's decision is 'contrary to' ...clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [The

Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"

*Mitchell v. Esparza,* 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor,*

529 U.S. 362, 405-406 (2000)); see also *Bell v. Cone,* 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of §2254(d)(1) permits a federal habeas

court to 'grant the writ if the state court identifies the correct governing legal principle

from [the Supreme] Court but unreasonably applies that principle to the facts of

petitioner's case.'" *Wiggins v. Smith* 539 U.S. 510, 520 (2003) (quoting *Williams,* 529

6

U.S. at 413); see also *Bell,* 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins,* 539 U.S. at 520-21 (citations omitted); see also *Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett* _U.S._, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh,* 521 U.S. at 333, n. 7; *Woodford v. Viscotti,* 537 U.S. 19,24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* _U.S._, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Under §2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

7

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See *Williams,* 529 U.S. at 412; see also *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington,* 131 S. Ct. At 785. Furthermore, it "does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer* 537 U.S. 3, 8 (2002); see also *Mitchell,* 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin,* 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox,* 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones,* 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. §2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was

8

before the state court." *Cullen v. Pinholster*, _U.S._, 131 S. Ct. 1388, 1398 (2011).

## IV.    Analysis

### A.    Judicial Bias Claims

Petitioner first asserts that he is entitled to habeas relief because the trial judge was biased against him.  Specifically, he objects to the trial judge's actions in accepting the co-defendant's guilty plea and allegedly reading the preliminary examination transcripts before presiding over his bench trial.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case.  *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997).  Judicial misconduct claims involve two types of cases.  One group addresses charges of "judicial bias" stemming from a trial judge's "personal interest" in the outcome of a case, usually derived from some extrajudicial association with the cause or one of the parties. *In re Murchison*, 349 U.S. 133, 136 (1955).  The second group concerns charges of "judicial misconduct" in which the trial judge is accused of conducting the proceedings in a manner which exhibits a "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002).  Adverse rulings themselves are not sufficient to establish bias or prejudice.  *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) (citing *Liteky*).  A constitutional violation occurs only when a judge's rulings or statements show "a predisposition so extreme as

to display clear inability to render fair judgment." *Johnson v. Bagley*, 544 F.3d 592, 597 (6th Cir. 2008).  In reviewing a judicial bias claim, a federal habeas court should presume that the trial judge properly discharged his or her official duties. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

## 1.    Accepting the Co-Defendant's Plea

Petitioner first claims that the trial judge was biased against him because she accepted his co-defendant's guilty plea and then presided over his bench trial.  The Michigan Court of Appeals denied relief on this claim, finding that it was not preserved at trial and ruling that Petitioner nonetheless failed to show that the trial court erred or was biased against him.  The court explained:

> Defendant also contends that he is entitled to a new trial because the trial judge had a preconceived opinion of defendant's guilt given the fact that she accepted the guilty plea of his codefendant, Hamilton. Defendant failed to preserve his challenge to the potential bias of the trial judge by raising a motion for disqualification below. MCR 2.003(C)(1); *People v. Paquette*, 214 Mich App 336, 340; 543 NW2d 342 (1995). Accordingly, our review is limited to plain error affecting defendant's substantial rights. *Carines, supra* at 763.
>
> Pursuant to MCR 2.003(B)(1), a judge must be disqualified from hearing a case where that judge cannot impartially hear the case for reasons of actual personal bias or prejudice against a party or an attorney. *See Cain v. Dep't of Corrections*, 451 Mich 470, 495; 548 NW2d 210 (1996).
>
> A party that challenges a judge for bias must overcome a heavy presumption of judicial impartiality. *Cain, supra* at 497. Where a judge forms opinions during the course of the trial process on the basis of facts introduced or events that occur during the proceedings, such opinions do not constitute bias or partiality unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible. *Id.* at 496, citing *Liteky v. United States*, 510 US 540, 555; 114 S Ct 1147; 127 LEd2d 474 (1994). [People v. Wells, 238 Mich App 383, 391; 605 NW2d 374 (1999).]
>
> In this case, the trial judge took codefendant Hamilton's guilty plea in the

10

course of these proceedings. Accordingly, that act cannot form the basis for disqualification due to bias. This Court has specifically decided this question in the past:

> Defendant claims that the trial court denied the defendant his right to an impartial trier of fact when it did not disqualify itself sua sponte from conducting a bench trial of the defendant after accepting a guilty plea of his codefendant ... that implicated him in the offense.
>
> We disagree with the defendant. With a very similar fact situation in the case of *People v. Chesbro*, 300 Mich 720; 2 NW2d 895 (1942), our Supreme Court ruled that where prejudice or bias is the reason alleged for disqualifying a judge, there must be prejudice or bias in fact, and it can never be based solely upon a decision in the due course of judicial proceedings. We find no prejudice or bias in fact has been shown by the defendant. [*People v. Rider*, 93 Mich App 383, 388; 286 NW2d 881 (1979).]

Defendant has raised no allegations that the trial judge harbored actual bias against him besides the taking of Hamilton's guilty plea. As that fact alone cannot establish judicial bias worthy of disqualification, defendant's claim must fail.

*Stewart*, 2006 WL 2033987 at *5-6.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Opinions formed by a judge on the basis of facts introduced in prior proceedings are not indicative of bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky*, 510 U.S. at 555. The test is whether "there was bias, or such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964). The mere fact that a judge has presided over proceedings in a co-defendant's case does not constitute reasonable

11

grounds for questioning the judge's impartiality in a subsequent trial involving the remaining co-defendant.  *See United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (no bias shown merely because judge presided over co-defendant's bench trial); *Horowitz v. Harry*, No. 06-13770, 2009 WL 2143797, *17-18 (E.D. Mich. July 13, 2009) (no bias where judge accepted co-defendant's plea); *accord United States v. Mason*, 118 F. App'x 544, 546 (2d Cir. 2004) (no bias where judge accepted plea from defendant's accomplice who testified at defendant's trial); *United States v. Wilson*, 77 F.3d 105 (5th Cir. 1996) (no bias where trial judge also presided over co-defendants' trial); *United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988) ("knowledge obtained from judicial proceedings involving a co-defendant does not require recusal"); *United States v. Cowden*, 545 F.2d 257, 266 (1st Cir. 1976).

In this case, Petitioner has identified no personal bias emanating from an extrajudicial source and the record does not show that the trial judge's acceptance of the co-defendant's plea resulted in any "deep-seated favoritism or antagonism that would make fair judgment impossible."  Petitioner's claims of bias are purely conclusory. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings) Petitioner has failed to establish that the trial judge was biased against him, engaged in misconduct, or otherwise deprived him of a fundamentally fair

12

proceeding.  Habeas relief is not warranted on this claim.[1]

### 2.    Reviewing the Preliminary Examination Transcript

Petitioner relatedly claims that the trial judge was biased against him because she read the preliminary examination transcripts and then presided over his bench trial. This specific claim is barred by procedural default, however, because Petitioner did not raise it until he filed his second motion for relief from judgment and the Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.502(G).

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001).  The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner first presented this specific factual claim to the state courts in his second motion for relief from judgment.  The Michigan Supreme Court denied relief

---

[1]Given this determination, the Court need not address the issue of procedural default arising from Petitioner's failure to seek recusal of the trial judge at the time of trial.

pursuant to Michigan Court Rule 6.502(G).  That rule provides that, after August 1, 1995, a Michigan criminal defendant is allowed to file one and only one motion for relief from judgment in state court with regard to a conviction unless a second or subsequent motion is based upon a retroactive change in the law or newly-discovered evidence. See Mich. Ct. R. 6.502(G)(1), (2).  The state courts thus clearly and expressly relied upon an independent and adequate state procedural rule in denying this claim.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner has not established cause to excuse this procedural default.  Any claim that appellate counsel was ineffective does not establish cause because any error by appellate counsel would not excuse Petitioner's failure to raise this issue in his first motion for relief from judgment.  *See, e.g., Wright v. Howes*, No. 07-CV-10965, 2013 WL 27914, *7-8 (E.D. Mich. Jan. 2, 2013) (applying same procedural default).  The fact that Petitioner is untrained in the law or was unfamiliar with Michigan's procedural rules does not provide a basis for establishing cause.  *See Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (petitioner's *pro se* status and ignorance of rights did not constitute cause excusing his failure to properly raise claims in state courts); *accord Gilkey v. Kansas*, 58 F. App'x 819, 822, 2003 WL 245639 (10th Cir. 2003) (citing *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991)); *Oliver v. United States*, 961 F.2d 1339,

14

1342 (7th Cir. 1992).  Furthermore, Petitioner's lack of legal representation on collateral review in the state courts does not constitute cause as there is generally no constitutional right to counsel in state post-conviction proceedings.  *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases including *Coleman,* 501 U.S. at 752); *Paffhousen v. Grayson*, 238 F.3d 423, 2000 WL 1888659, *2 (6th Cir. 2000).

A federal court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default.  *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).  Nonetheless, the Court finds that Petitioner cannot establish prejudice as this claim lacks merit for the reasons discussed *supra*.   Simply put, the mere fact that the trial judge may have read the preliminary examination transcript does not establish bias.  Moreover, Petitioner has not shown that the trial judge actually did so – the record only indicates that a reference was made to the preliminary examination.  In any event, Petitioner has not shown that the trial judge obtained information from an extrajudicial source, that she had a preconceived notion of guilt or was personally biased against him, or that he was otherwise denied a fundamentally fair trial.

Lastly, Petitioner has not demonstrated that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual innocence, not mere legal

insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

**B.    Ineffective Assistance of Trial and Appellate Counsel Claims**

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to move to have the trial judge disqualified for presiding over the co-defendant's guilty plea or informing him of the same so that he could have opted for a jury trial. Petitioner further asserts that appellate counsel was ineffective for failing to secure the whole record for appeal.

These claims are also barred by procedural default because Petitioner did not properly raise and fully exhaust the claims until he presented them in his second motion for relief from judgment and the Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.502(G).[2] Petitioner again fails to establish cause to excuse this procedural default. As noted, the Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith*, 477 U.S. at 533; *Long*, 722 F.2d at 289. Lastly, as discussed *supra*, Petitioner has not demonstrated that a fundamental miscarriage of justice has occurred. These claims are thus barred by procedural default and do not warrant federal habeas relief.

**V.    Conclusion**

---

[2]Petitioner raised ineffective assistance of trial counsel claims on direct appeal and in his first motion for relief from judgment, but those claims were different than what is presented on habeas review. Petitioner raised an ineffective assistance of appellate counsel claim in his first motion for relief from judgment, but failed to seek review by the Michigan Supreme Court such that he did not properly exhaust the issue at that time.

16

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. §2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's

procedural rulings.  The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  The Court therefore **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

18